IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGEL LUIS THOMAS, Sr., NORMAN E. GREGORY, and GLENN MORRIS, | No. 4:18-CV-00812 |
| | (Judge Brann) |
| Plaintiffs, | (Magistrate Judge Schwab) |
| v. | |
| COL. TYREE C. BLOCKER, *et al.*, | |
| Defendants. | |

# ORDER

**MARCH 20, 2019**

In 1991, Angel Louis Thomas was convicted of rape and other crimes in a Pennsylvania state trial court.[1]  In 1992, he began serving a lengthy prison term, from which he was released on January 11, 2018.[2]  Shortly before that release, Defendants required him to register as a sex offender.[3]

This lawsuit, at its core, argues that Mr. Thomas's compelled registration was, and remains, unlawful.  To that end, he moved for preliminary injunctive relief, seeking to have his name immediately removed from Pennsylvania's sex offender

---

[1] Report and Recommendation (ECF No. 44) 1.

[2] *Id.* at 8.

[3] *Id.* at 9.

registry.⁴ Chief Magistrate Judge Susan E. Schwab issued a Report and Recommendation recommending that this Court deny that requested relief.⁵

Mr. Thomas's objections to Chief Magistrate Judge Schwab's Report and Recommendation dispute her conclusion that federal law imposes a registration duty on Mr. Thomas that is independent of any duty imposed by state law.⁶ Specifically, Mr. Thomas argues (1) that the federal law duty is imposed on states, not on individuals;⁷ (2) that the federal law duty is triggered only when Mr. Thomas crosses a state border;⁸ and (3) that the federal law duty is inapplicable when a state's registration scheme violates the state's constitution.⁹

As to (1), this Court is bound by the Third Circuit's determination that, under federal law, "an independent and federally enforceable duty is placed on sex offenders to register."¹⁰ As to (2), while criminal penalties attach only when an

---

⁴ ECF No. 14.

⁵ Report and Recommendation at 22.

⁶ Plaintiff's Objections (ECF No. 46) 1. Mr. Thomas also objects to Magistrate Judge Schwab's refusal to strike certain documents from the record. Because neither Magistrate Judge Schwab nor this Court relied on those documents when analyzing the legal issues, Magistrate Judge Schwab's decision to not strike them will not be overturned.

⁷ Report and Recommendation at 4-13.

⁸ *Id.* at 13-17.

⁹ *Id.* at 17-22.

¹⁰ *United States v. Pendleton*, 636 F.3d 78, 85 (3d Cir. 2011); *see also United States v. Shenandoah*, 595 F.3d 151, 157 (3d Cir. 2010) ("the directive found in [34 U.S.C. § 20913] applies to sex offenders—not states.").

unregistered sex offender crosses states lines,[11] there is no corresponding interstate travel requirement in the statutory provision imposing that registration requirement in the first place.[12] And as to (3), while the Pennsylvania Supreme Court held that Pennsylvania's previous "Megan's Law" violated the state constitution,[13] it has not (yet) made such a ruling on Pennsylvania's current registration law or on the federal law.

Having reviewed Mr. Thomas's objections de novo, **IT IS HEREBY ORDERED** that:

1. Chief Magistrate Judge Schwab's Report and Recommendation, ECF No. 44, is **ADOPTED**.

2. The Motion for a Preliminary Injunction, ECF No. 14, filed by Angel Luis Thomas, Sr., is **DENIED**.[14]

---

[11] 18 U.S.C. § 2250(a).

[12] 34 U.S.C. § 20913(a) ("A sex offender *shall register*, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student."). In fact, federal law requires states to impose their own separate criminal penalties for failing to register, with no mention of interstate travel requirements. *Id.* § 20913(e).

[13] *Commonwealth v. Muniz*, 640 Pa. 699 (2017).

[14] The parties should note that the denial of the requested preliminary injunctive relief has no binding effect on this Court when it decides the ultimate legal issues in this case—*i.e.*, when it decides whether Mr. Thomas's initial and continued registration on the Pennsylvania sex offender registry is lawful. *See University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (noting that "conclusions of law made by a court granting a preliminary injunction are not binding at trial," and that "it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits").

3. Pursuant to this Court's February 14, 2019 Order, ECF No. 63, Defendants' Answer to Plaintiffs' Second Amended Complaint is due no later than **April 1, 2019**.

4. No later than April 15, 2019, and in less than 1,000 words, Plaintiffs **SHALL SHOW CAUSE** why this matter should not be stayed pending the Pennsylvania Supreme Court's decision in *Commonwealth v. LaCombe*, 35 MAP 2018.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge